IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No. 07-cv-01131-LTB-MJW

WARNER BROS. RECORDS INC., a Delaware corporation;
PRIORITY RECORDS LLC, a California limited liability company;
ARISTA RECORDS LLC, a Delaware limited liability company;
ATLANTIC RECORDING CORPORATION, a Delaware corporation;
BMG MUSIC, a New York general partnership;
CAPITOL RECORDS, INC., a Delaware corporation;
ELECTRA ENTERTAINMENT GROUP, INC., a Delaware corporation;
FONOVISA, INC., a California corporation;
INTERSCOPE RECORDS, a California general partnership;
LAFACE RECORDS LLC, a Delaware limited liability company;
LAVA RECORDS LLC, a Delaware limited liability company;
LOUD RECORDS LLC, a Delaware corporation;
MAVERICK RECORDING COMPANY, a California joint venture;
MOTOWN RECORD COMPANY, L.P., a California limited partnership;
VIRGIN RECORDS AMERICA, INC., a California corporation;
SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and
UMG RECORDINGS, INC., a Delaware corporation,

      Plaintiffs,

v.

DOES 1 - 20,

      Defendants.
_____

**ORDER**
_____

This matter is before me on the Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery ("Application"), filed May 30, 2007. Having considered the Application, Plaintiffs' memorandum of law in support of the Application, and the Declaration of Carlos Linares, I conclude that the Application should be granted, as

modified below.

On May 30, 2007, Plaintiffs filed a complaint for copyright infringement against twenty John Doe defendants ("Defendants"). The complaint alleges that Defendants distributed and/or duplicated copyrighted sound recordings owned or controlled by the Plaintiffs without Plaintiffs' authorization via an online media distribution system in violation of 17 U.S.C. § 501. However, Plaintiffs are only able to identify Defendants with a unique Internet Protocol ("IP") address; they do not know Defendants' names or any other identifying information.

Consequently, Plaintiffs seek permission to obtain immediate discovery from Defendants' Internet Service Provide ("ISP"), Qwest Communications Corp. ("Qwest"), whose subscriber activity log files would allow Plaintiffs to discover Defendants' identities. Specifically, they wish to serve a subpoena on Qwest pursuant to Fed.R.Civ.P. 45, seeking each Defendant's true name, address, telephone number, e-mail address, and Media Access Control address.

Under Fed.R.Civ.P. 26(d), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," unless authorized by a court order or agreement of the parties or when otherwise allowed under the Rules of Civil Procedure. A court order allowing expedited discovery will issue only upon a showing of good cause. *Qwest Communications Int'l, Inc. V. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D.Colo. 2003); *Pod-ners, LLC v. Northern Feed & Bean of Lucerne LLC*, 204 F.R.D. 675, 676 (D. Colo. 2002).

Here, Plaintiffs argue that their immediate need of the data in the subscriber activity

logs establishes good cause. They indicate that ISPs such as Qwest typically keep these logs for brief periods of time before erasing the data they contain. Plaintiffs might never identify the Defendants without obtaining access to the data contained in the logs. *See* Decl. Carlos Linares, *Ex Parte App.*

Under these circumstances, Plaintiffs have established good cause. Good cause exists where the evidence sought "may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation." *Qwest*, 213 F.R.D. at 419. *See also Semitool, Inc. V. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party").

However, given the fact that Plaintiffs' Application was *ex parte*, Plaintiffs should serve a copy of this Order along with the subpoena. Further, Qwest may move to quash the subpoena within ten days of being served with the subpoena.

Accordingly, it is ORDERED:

1. Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery, filed May 30, 2007, is granted. Plaintiffs may serve a Rule 45 subpoena upon Qwest Communications Corp. that seeks information sufficient to identify each Defendant's true name, address, telephone number, e-mail address, and Media Access Control address.

2. Any information disclosed to Plaintiffs in response to the subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act as set forth in the Complaint.

3. Plaintiffs' shall serve Qwest Communications Corp. with a copy of this Order along with the subpoena.

4. If Qwest Communications Corp. wishes to move to quash the subpoena, it must do so within ten (10) days of being served with it.

DATED at Denver, Colorado, this __5th__ day of June, 2007.

                                  BY THE COURT:

                                  s/Lewis T. Babcock
                                  Lewis T. Babcock, Chief Judge